IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RANDY NORMAND**                                                                                           **PLAINTIFF**

V.                                                                                                                    NO. 4:20-CV-133-DMB-JMV

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS; DEPUTY
COMMISSIONER OF INSTITUTIONS
JEWORSKI MALLETT; and
COMMISSIONER NATHAN "BURL"
CAIN**                                                                                                        **DEFENDANTS**

### ORDER

After he was seriously injured while working in a prisoner release program, Randy Normand sued the Mississippi Department of Corrections, Jeworski Mallett, and Nathan "Burl" Cain, alleging they violated his Eighth Amendment rights and his rights under MDOC's grievance procedure. The defendants have moved to dismiss Normand's complaint on grounds that they are immune from suit through the doctrines of sovereign immunity and/or qualified immunity. Because the defendants are entitled to such immunity, dismissal will be granted.

### I
### Procedural History

On July 23, 2020, Randy Normand filed a complaint in the United States District Court for the Northern District of Mississippi against the Mississippi Department of Corrections ("MDOC"), Deputy Commissioner of Institutions Jeworski Mallet, and Commissioner Nathan "Burl" Cain.[1] Doc. #1 at ¶¶ 1–4. The complaint alleges claims for violation of Normand's Eighth Amendment rights and violation of his rights pursuant to MDOC's grievance procedure. *Id*. at ¶¶ 34–53.

---

[1] The complaint does not specify in what capacities Mallet and Cain are sued.

On October 27, 2020, the defendants filed a motion to dismiss. Doc. #8. Normand filed a response to the motion on November 10, 2020, Doc. #11, and the defendants replied seven days later, Doc. #12.

## II
## Applicable Standards

The defendants' motion to dismiss implicates both Rule 12(b)(1) and Rule 12(b)(6). "To survive dismissal under Rule 12(b)(6), a complaint's allegations must, when taken as true, state a claim to relief that is plausible on its face." *Rollerson v. Brazos River Harbor Navigation Dist. of Brazoria Cnty. Tex.*, __ F.4th __, No. 20-40027, 2021 WL 3205481, at *2 (5th Cir. July 29, 2021). When, as here, a Rule 12(b)(1) motion relies only on the allegations of the complaint, "the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (internal quotation marks omitted).

## III
## Factual Allegations

While in MDOC's custody at the Delta Correctional Facility in Leflore County, Mississippi, Normand worked in a prisoner release program with Greenwood Solid Waste. Doc. #1 at ¶ 18. On November 28, 2018, Normand, while working in the release program, nearly severed his hand when a side-grinder he was operating, which lacked necessary safety guards, malfunctioned. *Id.* at ¶¶ 21, 31. He was taken to Greenwood Leflore Hospital's emergency department that day and treated with sutures and pain medications. *Id.* at ¶ 22.

The following day, Normand was taken to Greenwood Orthopedic where he was prescribed antibiotics. *Id.* at ¶ 23. When he returned to his housing facility, he was denied the medication prescribed by Greenwood Hospital. Normand did not receive medical attention for his injury,

despite complaints of continuous pain and numbness, until he was treated again at Greenwood Orthopedic for a follow up on December 13, 2018. *Id.* ¶¶ 25–26.

Normand filed a grievance regarding his wrist injury with MDOC's Administrative Remedy Program ("ARP") on December 12, 2018. *Id.* at ¶ 24. ARP rejected the grievance on December 20, 2018. *Id.* at ¶ 27. Pursuant to MDOC's grievance procedure, Normand had five days from December 20 to appeal the decision. *Id*. at ¶ 16. However, Normand did not receive a copy of the rejection until January 3, 2019. *Id.* at ¶ 51. Soon after receiving notice of the rejection, Normand was released from MDOC's custody. *Id*. at ¶ 53. This release was "earlier than his anticipated release date." *Id*.

## IV
## Analysis

The defendants seek dismissal of all claims on the ground that MDOC, and Cain and Mallett in their official capacities, are entitled to sovereign immunity and that Cain and Mallett are entitled to qualified immunity as to any individual capacity claims.

### A. MDOC and Official Capacities

"State sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005). As a result of this immunity, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015). "42 U.S.C. § 1983 does not disturb Mississippi's state sovereign immunity" and "Mississippi … has not waived its state sovereign immunity and consented to suit in federal court." *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020).

3

"It is well established that the Mississippi Department of Corrections (MDOC) is an arm of the State of Mississippi and cloaked with the State's Eleventh Amendment immunity from suit." *Robinson v. King*, No. 1:19-cv-438, 2021 WL 2907886, at *2 (S.D. Miss. July 9, 2021) (collecting cases). "As MDOC is an arm of the state, its officers and employees are officers of the state in their official capacities. They are entitled to sovereign immunity from monetary damages in their official capacities." *Id.* at *3. Therefore, Normand's claims for monetary damages against MDOC and the MDOC officials in their official capacities are barred by sovereign immunity. *See Williams*, 956 F.3d at 810–11 (affirming entitlement to sovereign immunity for claims of money damages against MDOC officials in their official capacities).

With respect to Normand's non-monetary claims, *Ex parte Young*, 209 U.S. 123 (1908), allows a plaintiff to "sue a state official in his official capacity as long as the lawsuit seeks prospective relief to redress an ongoing violation of federal law." *Freedom from Religion Found. v. Abbott*, 955 F.3d 417, 424 (5th Cir. 2020). In order to fall within the *Ex parte Young* exception, "[t]he suit must: (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). When determining whether the *Ex parte Young* exception applies, a court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (cleaned up).

The *Ex parte Young* exception does not apply here because Normand is no longer in MDOC's custody such that there can be no ongoing violation of federal law. *See Smith v. City of Tupelo*, 281 F. App'x 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)) ("A claim for declaratory and injunctive relief based on conditions of confinement is

4

rendered moot upon the prisoner's release or transfer from the facility."). Accordingly, the claims against MDOC, and Mallet and Cain in their official capacities, must be dismissed for lack of jurisdiction.

### B.  Individual Capacities

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Sanchez v. Oliver*, 995 F.3d 461, 466 (5th Cir. 2021). "When a government official is sued under Section 1983, the plaintiff must allege that the official was either personally involved in the deprivation or that his wrongful actions were causally connected to it." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (internal quotation marks omitted). A supervisory official may be held liable "only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Even when a § 1983 cause of action exists, the doctrine of qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Angulo v. Brown*, 978 F.3d 942, 948 (5th Cir. 2020).

Normand alleges that the defendants were deliberately indifferent to his health and safety by failing to require Greenwood County Public Waste Department to ensure the side grinder equipment being used was in a safe operating condition and for denying him the medication prescribed by Greenwood Hospital. Further, though unartfully pleaded, the Court interprets Normand's claim titled "Deprivation of Rights as to all Defendants by Deliberate Indifference to Plaintiff Pursuant to Mississippi Department of Corrections Grievance Procedure" as a claim for

5

violation of due process. The defendants argue that even if these allegations establish a constitutional violation, Cain and Mallett, in their individual capacities, are entitled to dismissal based on qualified immunity because Normand "failed to provide any factual details specifying how Cain or Mallett directly participated in any alleged unconstitutional conduct." Doc. #9 at 16.

Assuming without deciding that Normand's allegations amount to a constitutional violation, Normand has not alleged personal involvement on the part of either defendant. Nor has he alleged that any violation was the result of an unconstitutional policy implemented by those defendants. Accordingly, the claims must fail. *See Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (defendant entitled to qualified immunity where plaintiff failed to establish personal involvement).

## V
## Conclusion

The defendants' motion to dismiss [8] is **GRANTED**. Normand's claims are **DISMISSED without prejudice**.

**SO ORDERED**, this 3rd day of August, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

6